**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| INTERLOGIC OUTSOURCING, INC., | ) |
| IOI PAYROLL SERVICES, INC., | ) |
| IOI WEST, INC., | ) |
| LAKEVIEW HOLDINGS, INC., | ) |
| LAKEVIEW TECHNOLOGY, INC., | ) |
| MODEARN, INC., and | ) |
| TIMEPLUS SYSTEMS LLC,[1] | ) |
| | ) |
| Debtors. | ) |
| | ) |

Chapter 11

Case No. 19-31445-hcd

(Jointly Administered)

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully submit this application (this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 200-1 of the Local Rules for the United States District Court for the Northern District of Indiana (the "Local Rules"), and rule B-2014-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Indiana (the "Local Bankruptcy Rules"), authorizing and approving the retention of Paul Hastings LLP ("Paul Hastings") as the Debtors' counsel effective *nunc pro tunc* to the August 11, 2019 (the "Petition Date"). In support of this Application, the Debtors submit the *Declaration of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473). The location of the Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

*Matthew Murphy in Support of the Debtors' Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors* (the "Murphy Declaration"), attached hereto as **Exhibit B**, and the *Declaration of Daniel Wikel in Support of the Debtors' Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors* (the "Wikel Declaration"), attached hereto as **Exhibit C**, each incorporated herein by reference.  In further support of this Application, the Debtors respectfully state as follows:[2]

### Jurisdiction and Venue

1.    The United States Bankruptcy Court for the Northern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rule 200-1, and Local Bankruptcy Rule B-2014-1.

---

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Daniel Wikel, Chief Restructuring Officer of Interlogic Outsourcing, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the Bankruptcy Code on August 11, 2019.  Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to them in the First Day Declaration.

**Background**

4.      On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On August 22, 2019, the United States Trustee for the Northern District of Indiana (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  *See Appointment and Notice Appointing Unsecured Creditors' Committee* [Docket No. 148].

**Relief Requested**

5.      The Debtors seek entry of the Order, authorizing and approving the retention of Paul Hastings as the Debtors' counsel pursuant to the terms of the engagement letter by and among the Debtors and Paul Hastings, dated as of July 13, 2019 (the "Paul Hastings Agreement"), a copy of which is attached hereto as **Exhibit D**, effective *nunc pro tunc* to the Petition Date.

**Paul Hasting's Qualifications**

6.      The Debtors seek to retain Paul Hastings as their attorneys because of Paul Hastings' extensive knowledge of the Debtors' business and financial affairs, its extensive general experience and knowledge in legal matters, and, in particular, Paul Hastings' recognized expertise in the field of financial restructuring and bankruptcy.  As one of the largest law firms in the world, with a national and an international practice, Paul Hastings has substantial experience in virtually all aspects of the law that may arise in the chapter 11 cases.  Paul Hastings has

extensive bankruptcy and restructuring, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax expertise.

7.      Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances.  In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of:  AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; American Airlines; Calpine Corporation; Castex Energy Partners; Charming Charlie; Circuit City Stores; CIT Group; Comdisco; Dictaphone; Education Holdings 1; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Lehman Brothers; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; Reddy Ice; Refco; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti.; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role in the Puerto Rico Title III cases.

8.      Since July 13, 2019, Paul Hastings has represented the Debtors in the preparation for and commencement of these chapter 11 cases.  As a result of its prepetition representation, Paul Hastings has become familiar with the Debtors' capital structure, the terms of their debt, the operation of their business, their organizational structure and needs, and the events giving rise to these chapter 11 cases.  Should the Debtors be required to retain lead counsel other than Paul Hastings in connection with the prosecution of these chapter 11 cases, the Debtors, their estates,

and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors, their business operations, and their financial circumstances.

9.      Accordingly, the Debtors submit that Paul Hastings' retention as bankruptcy counsel is necessary and in the best interest of the Debtors and their estates.  The Debtors further submit that the firm is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and effective manner.

## Services to Be Provided

10.     The Debtors anticipate that Paul Hastings will render general legal services to the Debtors as needed throughout the course of these chapter 11 cases, including bankruptcy, corporate, labor and employment, employee benefits, finance, intellectual property, litigation, real estate, securities, and tax advice.  In particular, the Debtors have requested that Paul Hastings perform, among others, the following legal services:

    (a)    advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

    (b)    preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

    (c)    advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

    (d)    advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

    (e)    reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f)     advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g)     advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h)     advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i)     advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j)     assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k)     working with the Committee and other parties in interest;

(l)     commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(m)     providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

It is necessary and essential that the Debtors, as debtors in possession, employ attorneys to render the foregoing professional services.  Paul Hastings has substantial expertise in all of these areas and has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors before the Petition Date.

**Professional Compensation**

11.    Paul Hastings intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Paul Hastings will use in these chapter 11 cases are generally the same as the hourly rates and

6

corresponding rate structure that Paul Hastings uses in other restructuring matters, as well as similar complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

12.    Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

13.    Paul Hastings' current customary hourly rate ranges in the United States are as follows:[3]

| Timekeeper Category | U.S. Hourly Rate Range |
| --- | --- |
| Partners | $1,100 - $1,525 |
| Of Counsel | $1,025 - $1,525 |
| Associates | $605 - $1,040 |
| Paralegals | $240 - $495 |

14.    Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[4]  Moreover,

---

[3]    For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

[4]    For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of:  (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the tem is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*).  As set forth in the

these hourly rates are consistent with the rates that Paul Hastings charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.

15.    The rate structure provided by Paul Hastings is appropriate and not significantly different from (a) the rates that Paul Hastings charges for similar types of representations or (b) the rates that comparable counsel would charge for work substantially similar to the work Paul Hastings will perform in these chapter 11 cases.  In determining the level of compensation to be paid to Paul Hastings and its reasonableness, the Debtors compared Paul Hastings' hourly rates with the range of rates charged by other top firms in other large and complex matters.  The Debtors submit that Paul Hastings' hourly rates are reasonable, comparable to Paul Hastings' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals.

16.    It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges.  Paul Hastings will charge the Debtors only the amount actually incurred by Paul Hastings in connection with such expenses.

17.    During the one-year period before the Petition Date, Paul Hastings received certain amounts as compensation for professional services performed in connection with the commencement and prosecution of these chapter 11 cases and for the reimbursement of related reasonable and necessary expenses.  Paul Hastings has applied these amounts in full and, in

---

Order, Paul Hastings will provide ten business-days' notice to the Debtors, the U.S. Trustee, and the Committee before implementing periodic increases, and shall file any such notice with the Court.

connection with such prepetition services, has written off any balance.

18.     Paul Hastings has agreed to accept as compensation for its services in these chapter 11 cases such sums as may be allowed by this Court, based upon the time spent and services rendered, the difficulties encountered, and other appropriate factors.

### Paul Hasting's Disinterestedness

19.     The Murphy Declaration discloses Paul Hastings' connections to the Debtors and potential parties in interest in these chapter 11 cases and is incorporated in this Application by reference.  In reliance on the Murphy Declaration, and except as set forth therein, the Debtors believe that: (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the chapter 11 cases or their respective attorneys or accountants; (b) Paul Hastings is not a creditor, equity security holder, or insider of the Debtors; (c) none of Paul Hastings' partners or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their estates, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.  Therefore, the Debtors believe that Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

20.     Paul Hastings will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Paul Hastings will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration,

as required by Bankruptcy Rule 2014(a).

## Basis for Relief

21.    The Debtors seek to retain Paul Hastings as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."

22.    Bankruptcy Rule 2014(a) provides that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

23.    As required by Bankruptcy Rule 2014(a), this Application, along with the Murphy Declaration and the Wikel Declaration, sets forth:  (a) the specific facts establishing the Debtors' need to employ Paul Hastings as counsel in these chapter 11 cases and the reasons for the Debtors' selection of Paul Hastings; (b) the professional services to be rendered by Paul Hastings; (c) Paul Hastings' compensation and the reasonableness thereof; and (d) to the best of the Debtors' knowledge, Paul Hastings' connections, if any, to certain parties in interest in these chapter 11 cases.

24.    The Debtors submit that for all of the reasons stated in this Application, the Murphy Declaration, and the Wikel Declaration, the proposed retention of Paul Hastings as the Debtors' bankruptcy and restructuring counsel in these chapter 11 cases falls squarely within the scope of section 327(a) and is warranted.  Further, as stated in the Murphy Declaration, Paul

Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a), and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Murphy Declaration.  Accordingly, the Debtors respectfully request that the Court authorize the retention of Paul Hastings as counsel to the Debtors.

### Request for Approval of Retention *Nunc Pro Tunc* to the Petition Date

25.     The Debtors request that Paul Hastings' retention be made effective as of the Petition Date in order to allow Paul Hastings to be compensated for the work performed for the Debtors prior to the Court's consideration and approval of this Application.  The Debtors submit that under the circumstances, and to avoid irreparable harm to the Debtors' estates that may occur if Paul Hastings is not immediately retained, retroactive approval to the Petition Date is warranted.[5]

### Notice

26.     Notice of this Application has been provided to:  (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to the DIP Lender; (c) the United States Attorney's Office for the Northern District of Indiana; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the state attorneys general for all states in which the Debtors conduct business; and (g) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[5]     Local Rule B-2014-1(d) provides: "In the event the court approves the application, unless otherwise request following notice to all creditors, the approval will relate back to the date the application was filed."

## **No Prior Request**

27.     No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this Application and granting such other relief as is just and proper.

Dated: August 26, 2019
      Elkhart, Indiana

**INTERLOGIC OUTSOURCING, INC.**
(for itself and on behalf of its affiliated debtors and debtors in possession)

*/s/ Daniel Wikel*
Name:  Daniel Wikel
Title:   Chief Restructuring Officer

# EXHIBIT A

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| INTERLOGIC OUTSOURCING, INC., | ) | Case No. 19-31445-hcd |
| IOI PAYROLL SERVICES, INC., | ) |  |
| IOI WEST, INC., | ) | (Jointly Administered) |
| LAKEVIEW HOLDINGS, INC., | ) |  |
| LAKEVIEW TECHNOLOGY, INC., | ) | **Re Docket No. __** |
| MODEARN, INC., and | ) |  |
| TIMEPLUS SYSTEMS LLC,[1] | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing and approving the Debtors to retain and employ Paul Hastings LLP ("Paul Hastings") as their counsel effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the Murphy Declaration, and upon the Wikel Declaration, and upon the First Day Declaration, and upon any statements of counsel and evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Local Rule 200-1; and consideration of the Application and the relief requested

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473).  The location of the Debtors' headquarters is:  1710 Leer Drive, Elkhart, Indiana 46514.

[2]    Capitalized terms used but not defined herein shall have the meaning set forth in the Application.

therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given and that no other or further notice is required; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtors, their creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Murphy Declaration, and the Wikel Declaration and at the Hearing establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a), and (iv) Paul Hastings does not hold or represent an interest adverse to the Debtors' estates; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ Paul Hastings as their attorneys *nunc pro tunc* to the Petition Date pursuant to the terms of the Paul Hastings Agreement, as modified in this Order.

3. Paul Hastings is authorized to act as the Debtors' counsel and to perform those services described in the Application. Specifically, but without limitation, Paul Hastings will render the following legal services:

    (a) advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

    (b) preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

(c)     advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

(d)     advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e)     reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f)     advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g)     advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h)     advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i)     advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j)     assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

(k)     working with the Committee and other parties in interest;

(l)     commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(m)     providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

4.      Paul Hastings shall be compensated for its services and reimbursed for any related expenses in accordance with Paul Hastings' customary billing practices and procedures set forth in the Paul Hastings Agreement and the Murphy Declaration in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any other application procedures and orders of the Court.  Paul Hastings

3

shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Paul Hastings in these chapter 11 cases.

5.      Paul Hastings shall provide no less than ten-business-days' notice to the Debtors, the U.S. Trustee, and counsel to the Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.

6.      The Debtors and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by the contents of the Application.

8.      To the extent the Application, the Paul Hastings Agreement, the Murphy Declaration, and the Wikel Declaration are inconsistent with this Order, the terms of this Order shall govern.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019          _____
South Bend, Indiana                          UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Murphy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INTERLOGIC OUTSOURCING, INC., | ) Case No. 19-31445-hcd |
| IOI PAYROLL SERVICES, INC., | ) |
| IOI WEST, INC., | ) (Jointly Administered) |
| LAKEVIEW HOLDINGS, INC., | ) |
| LAKEVIEW TECHNOLOGY, INC., | ) |
| MODEARN, INC., and | ) |
| TIMEPLUS SYSTEMS LLC,[1] | ) |
| | ) |
| Debtors. | ) |
| | ) |

**DECLARATION OF MATTHEW MURPHY IN**
**SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF**
**AN ORDER AUTHORIZING AND APPROVING THE RETENTION AND**
**EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), I, Matthew Murphy, declare that the following is true to the best of my knowledge,

information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of Illinois.

My application for admission *pro hac vice* to the United States Bankruptcy Court for the

Northern District of Indiana was filed on August 12, 2019 [Docket No. 34] and granted on

August 13, 2019 [Docket No. 48].

2.      I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located

at, among other offices worldwide, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473).  The location of the Debtors' headquarters is:  1710 Leer Drive, Elkhart, Indiana 46514.

and am duly authorized to make this declaration (this "Declaration") on behalf of Paul Hastings. I make this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application")[2] submitted by above captioned debtors and debtors in possession (collectively, the "Debtors").

3.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction. To the extent any information disclosed in this Declaration requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## Paul Hastings' Qualifications

4.      Paul Hastings is particularly qualified to serve as the Debtors' counsel in these chapter 11 cases. Paul Hastings is one of the largest law firms in the world, with a national and an international practice, and has substantial experience in virtually all aspects of the law that may arise in these chapter 11 cases. Paul Hastings has extensive bankruptcy and restructuring, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax expertise.

5.      Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the

---

[2]      Capitalized terms used but not defined herein shall have the meaning set forth in the Application.

2

largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of:  AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; American Airlines; Calpine Corporation; Castex Energy Partners; Charming Charlie; Circuit City Stores; CIT Group; Comdisco; Dictaphone; Education Holdings 1; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Lehman Brothers; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; Reddy Ice; Refco; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti.; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role in the Puerto Rico Title III cases.

6.    Since July 13, 2019, Paul Hastings has represented the Debtors in the preparation for and commencement of these chapter 11 cases.  As a result of its prepetition representation, Paul Hastings has become familiar with the Debtors' capital structure, the terms of their debt, the operation of their business, their organizational structure and needs, and the events giving rise to these chapter 11 cases.  Accordingly, Paul Hastings has the necessary background and relevant experience with the Debtors to deal effectively and efficiently with the potential legal issues and other matters that may arise in the context of these chapter 11 cases.  Should the Debtors be required to retain lead counsel other than Paul Hastings in connection with the prosecution of these chapter 11 cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors, their business operations, and their financial circumstances.

## Services to Be Provided

7.    Paul Hastings will render general legal services to the Debtors as needed throughout the course of these chapter 11 cases, including bankruptcy, corporate, labor and employment, employee benefits, finance, intellectual property, litigation, real estate, securities, and tax advice.  In particular, the Debtors have requested that Paul Hastings perform, among others, the following legal services:

(a)    advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

(b)    preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

(c)    advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in these chapter 11 cases;

(d)    advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e)    reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f)    advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g)    advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

(h)    advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

(i)    advising the Debtors in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(j)    assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

4

(k)  working with the Committee and other parties in interest;

(l)  commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

(m)  providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

Paul Hastings has substantial expertise in all of these areas and has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors before the Petition Date.

### Compensation of Paul Hastings

8.  Paul Hastings will apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Paul Hastings will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in similar matters, as well as other complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

9.  Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

10.     Paul Hastings' current customary hourly rate ranges in the United States are as follows:[3]

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| Partners | $1,100 - $1,525 |
| Of Counsel | $1,025 - $1,525 |
| Associates | $605 - $1,040 |
| Paralegals | $240 - $495 |

11.     Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  I believe these rates are reasonable and commensurate with the hourly rates of other firms of similar size and expertise.

12.     Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[4]   Moreover, these hourly rates are consistent with the rates that Paul Hastings charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.

13.      It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal

---

[3]     For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

[4]     For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of:  (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the tem is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*).  As set forth in the Order, Paul Hastings will provide ten business-days' notice to the Debtors, the U.S. Trustee, and the Committee before implementing periodic increases, and shall file any such notice with the Court.

research charges and other computer services, expenses for "working meals," and telecopier charges. Paul Hastings will charge the Debtors only the amount actually incurred by Paul Hastings in connection with such expenses. Paul Hastings believes that failure to charge these expenses would require the firm to increase its current hourly rates.

14.     Paul Hastings currently charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies in its offices in the United States. Paul Hastings does not charge its clients for incoming facsimile transmissions. Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hardbound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

15.     During the one-year period before the Petition Date, Paul Hastings received $470,000.00 in fees and expense reimbursements from Interlogic Outsourcing Inc. and $7,500.00 in fees and expense reimbursements from ModEarn Inc. for a total of $477,500.00 for Paul Hastings' prepetition services and expenses incurred on the Debtors' behalf, including services performed in connection with the commencement and prosecution of these chapter 11 cases. As of the Petition Date, the fees and expenses incurred by Paul Hastings have been debited against amounts received in full. Paul Hastings has written off the balance, if any, of any additional fees and expenses.

16.     Paul Hastings shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Paul Hastings also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information

and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 By Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both in connection with the application and the interim and final fee applications to be filed by Paul Hastings in these chapter 11 cases.

17.    Paul Hastings has not received any promises as to payment or compensation in connection with the chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.  Moreover, Paul Hastings has not agreed to share any of its compensation from the Debtors with any other person, other than the partners, of counsel, associates, and staff employed by Paul Hastings as permitted by section 504 of the Bankruptcy Code.  The proposed retention of Paul Hastings is not prohibited by Bankruptcy Rule 5002.

### Paul Hastings' Conflict Check Procedures

18.    Paul Hastings' conflicts check database is designed to include the identity of related and adverse parties.  Paul Hastings regularly updates this database.  In connection with its proposed retention by the Debtors in these chapter 11 cases, Paul Hastings undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "<u>Potential Parties in Interest</u>").   In preparing this declaration, I submitted, or caused to be submitted, for review by our conflicts check database, the Potential Parties in Interest.  The identities of the Potential Parties in Interest were provided to us by the Debtors and are set forth on **<u>Schedule 1</u>** hereto.[5]  The results of our

---

[5]    Paul Hastings' inclusion of parties in the following schedules is solely to illustrate Paul Hastings' conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

conflict check were compiled and analyzed by Paul Hastings' attorneys acting under my supervision.

19.    In addition to the comprehensive search of the Potential Parties in Interest through our conflicts check database, I sent an email to all partners, of counsel, and associates of Paul Hastings asking whether any partner, of counsel, or associate is or has reason to believe that he or she, or any immediate family member, is a shareholder of the Debtors, or has ever been employed by, or holds any claims against, the Debtors.  In addition, I asked whether any partner, of counsel, or associate is representing a client directly adverse to the Debtors.  I did not receive any responses indicating that any partner, of counsel, or associate, or any immediate family member, is a shareholder of the Debtors, is employed by the Debtors, holds any claims against the Debtors, or is representing a client directly adverse to the Debtors.

### Paul Hastings' Connection with Potential Parties In Interest

20.    Paul Hastings and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated to the Debtors and these chapter 11 cases.  Paul Hastings has searched on its electronic database for its connection to the entities listed on **Schedule 1** attached hereto.  The information listed on **Schedule 1** may be changed without our knowledge and may change during the pendency of these chapter 11 cases.  Accordingly, Paul Hastings will update this Declaration as necessary and when Paul Hastings becomes aware of additional material information.

21.    As specifically set forth below and on **Schedule 2** attached hereto, Paul Hastings represents certain of the Debtors' creditors or other entities that may be parties in interest in ongoing matters unrelated to the Debtors and these chapter 11 cases.  None of the representations

9

described herein are materially adverse to the interest of the Debtors' estates.   Moreover, pursuant to section 327(c) of the Bankruptcy Code, Paul Hastings is not disqualified from acting as Debtors' counsel merely because it represents certain of the Debtors' creditors, shareholders, or other entities that may be Potential Parties in Interest in matters unrelated to these chapter 11 cases.

22.     To the best of my knowledge, information, and belief, based on the review procedures described above, Paul Hastings does not have any "connection" to the Potential Parties in Interest except as described in this declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure.  Out of an abundance of caution, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under either section 327(a) of the Bankruptcy Code or applicable standards of professional ethics.

23.     Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain after due inquiry, has any connection with the Debtors, the U.S. Trustee, or any Potential Party in Interest, except as set forth below or otherwise in this Declaration:

      a.    To the extent its conflicts check database indicated that Paul Hastings has, or may have, represented a Potential Party in Interest within the last five years in matters unrelated to the Debtors, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in **<u>Schedule 2</u>** hereto.  Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on **<u>Schedule 2</u>** hereto, Paul Hastings will not represent any such entity or individual in these chapter 11 cases.  I do not believe Paul Hastings' connection to these entities precludes it from meeting the disinterestedness standard under the Bankruptcy Code, but disclose it out of an abundance of caution.

b.  Each of the entities and individuals identified on **Schedule 2** (and any affiliates thereof) for whom Paul Hastings has performed services accounted for 1 percent or less of Paul Hastings' revenues for the firm's fiscal year ending January 31, 2019, except for the following entities:  (i) Bank of America, N.A. together with its parent and certain related entities, (ii) JP Morgan Chase, N.A. together with its parent and certain related entities; (iii) Wells Fargo Bank, N.A. together with its parent and related entities, and (iv) GI Partners, the parent of Flexential.  However, the above listed entities each accounted for less than 2 percent of Paul Hastings' revenues for the same fiscal year.  I do not believe Paul Hastings' connection to these entities precludes it from meeting the disinterestedness standard under the Bankruptcy Code, but disclose it out of an abundance of caution.

c.  As disclosed on **Schedule 2**, Paul Hastings currently represents, and has represented in the past, certain affiliates and related entities of KeyBank National Association in matters underlined to the Debtors.  Specifically, Paul Hastings represents KeyBanc Capital Markets and Pacific Crest Securities, Inc. in matters unrelated to the Debtors and these chapter 11 cases.  Paul Hastings does not and will not represent KeyBanc Capital Markets or Pacific Crest Securities, Inc. in connection with these chapter 11 cases.  I do not believe these connections preclude Paul Hastings from meeting the disinterestedness standard under the Bankruptcy Code, but disclose them out of an abundance of caution.

d.  On August 12, 2019, the Debtors filed an application for the retention of Prime Clerk LLC ("Prime Clerk") as the Debtors' claims, noticing, and solicitation,[6] which was granted on August 20, 2019.[7]  As disclosed on **Schedule 2**, Paul Hastings has represented in the past entities related to Permira Advisers LLP, Prime Clerk's parent company, in matters unrelated to the Debtors.  Paul Hastings does not and will not represent Permira Advisers LLP in connection with these chapter 11 cases.  I do not believe that Paul Hastings' connection to Prime Clerk precludes it from meeting the disinterestedness standard under the Bankruptcy Code, but disclose it out of an abundance of caution.

e.  Neither I, nor any partner, of counsel, or associate of Paul Hastings individually holds a prepetition claim against the Debtors.

---

[6]  *See Debtors' Application for Appointment of Prime Clerk LLC as Claims, Noting, and Solicitation Agent* [Docket No. 17].

[7]  *See Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims, Noticing and Solicitation Agent* [Docket No. 141].

f.    To my knowledge after due inquiry, none of the partners, of counsels, or associates of Paul Hastings, and none of the members of their immediate families, are currently employees of one or more of the Debtors.

g.    Paul Hastings holds no stock of the Debtors.  Neither I, nor any partner, of counsel, or associate of Paul Hastings individually holds any stock in the Debtors.

24.    Despite the efforts described above to identify and disclose Paul Hastings' connections with Potential Parties in Interest in these chapter 11 cases, because Paul Hastings is an international firm with hundreds of attorneys in several offices worldwide, and, because the Debtors are a multifaceted enterprise with hundreds of creditors and other relationships, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed.  If Paul Hastings discovers additional information that requires disclosure or modification of this Declaration, Paul Hastings will file a supplemental declaration with the Court.

25.    Moreover, in conformity with Local Bankruptcy Rule B-2014-1, I hereby specifically state the following:

a.    In response to Local Bankruptcy Rule B-2014-1(b)(1) and (2):  The Debtors have certain non-Debtor affiliates, as defined in section 101(2) of the Bankruptcy Code.  Neither Paul Hastings nor any of the partners, of counsels, or associates of Paul Hastings, has represented or been employed by any such affiliates during the twelve months prior to the Petition Date.

b.    In response to Local Bankruptcy Rule B-2014-(b)(3):  As discussed above, Paul Hastings was retained by the Debtors on or around July 13, 2019, to represent the Debtors.  During the one-year period before the Petition Date, Paul Hastings received $470,000.00 in fees and expense reimbursements from Interlogic Outsourcing Inc. and $7,500.00 in fees and expense reimbursements from ModEarn Inc. for a total of $477,500.00 for Paul Hastings' prepetition services and expenses incurred on the Debtors' behalf, including services performed in connection with the commencement and prosecution of these chapter 11 cases.  As of the Petition Date, the fees and expenses incurred by Paul Hastings have been debited against amounts received in full.  Paul Hastings has written off the balance, if any, of any additional fees and expenses.

c.    In response to Local Bankruptcy Rule B-2014-1(b)(4):   Neither Paul Hastings nor any of the partners, of counsels, or associates of Paul Hastings holds or has held any position with respect to the Debtors other than legal counsel.

d.    In response to Local Bankruptcy Rule B-2014-1(b)(5):   Except as otherwise disclosed herein, neither Paul Hastings nor any of the partners, of counsels, or associates of Paul Hastings has represented or been employed by any officer, director, shareholder, partner, or limited partner of the Debtors, or any entity that has guaranteed an obligation of the Debtors or is liable on any obligation of the Debtors or pledged property to secure an obligation of the Debtors.

e.    In response to Local Bankruptcy Rule B-2014-1(b)(6):   As discussed above, Paul Hastings represents or has represented certain Potential Parties in Interest listed on **Schedule 2**, including parties which may be scheduled as creditors when the Debtors file their schedules and statements of financial affairs.[8]  Paul Hastings has not represented and will not represent any of these parties in connection with the Debtors or these chapter 11 cases.

26.    Based on the foregoing and except as provided herein, to the best of my knowledge, information, and belief formed after reasonable inquiry:  (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other entity with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) Paul Hastings is not a creditor, equity security holder, or insider of the Debtors; (c) none of Paul Hastings' partners, of counsels, or associates is or was, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their estates, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other

---

[8]    The Debtors' deadline to file the schedules and statements of financial affairs was extended to and including September 9, 2019.  *See Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief* [Docket No. 107].

reason.  Accordingly, I believe that Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a).

## Statement Regarding Revised UST Guidelines

27.    Paul Hastings looks forward to working with the U.S. Trustee to address the concerns that prompted the Revised UST Guidelines, but Paul Hastings reserves all rights as to the relevance and substantive legal effect of the Revised UST Guidelines in connection with the Application or any application for compensation in the chapter 11 cases.  Paul Hastings provides the following response to the request for information set forth in Paragraph D.1. of the Revised UST Guidelines.

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No.  Paul Hastings and the Debtors have not agreed to any variations from, or alternatives to, Paul Hastings' standard billing arrangements for this engagement.  The rate structure provided by Paul Hastings is appropriate and is not significantly different from (a) the rates that Paul Hastings charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No.  The hourly rates used by Paul Hastings in representing the Debtors are consistent with the rates that Paul Hastings charges comparable chapter 11 clients, regardless of the location of the chapter 11 cases. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | The billing rates charged the Debtors in the prepetition period are the same as the rates that Paul Hastings will charge in the postpetition period, noting that Paul Hastings adjusted its hourly rates effective August 1, 2019, to reflect step increases and economic and other conditions consistent with its customary practice. |

14

Question:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response:    The Debtors and Paul Hastings expect to develop a prospective budget and staffing plan for the period from August 11, 2019 through October 31, 2019.

[*Remainder of Page Intentionally Left Blank*]

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 26 day of August, 2019

Matthew Murphy

**Schedule 1**

**POTENTIAL PARTIES IN INTEREST**

**Banks**
Bank of America, N.A.
Berkshire Bank, N.A.
Commerce Bank, N.A.
1st Source Bank, N.A.
JP Morgan Chase, N.A.
KeyBank National Association
Lake City Bank, N.A.
PNC Bank, N.A
Wells Fargo Bank, N.A.

**Current and Recent Former Directors
and Officers**
Daileadeer, Timothy
Khan, Najeeb
Wikel, Daniel

**Debtors and Current and Recent Former
Entities Affiliated with the Debtors**
Cearah Enterprises, LLC
GN Investments, LLC
IOI Payroll Services, Inc.
IOI West, Inc.
Interlogic Outsourcing, Inc.
K&S Ventures, LLC
Khan Aviation, Inc.
KR7525, LLC
KRW Investments, Inc.
Lakeview Technology, Inc.
Lakeview Holdings, Inc.
Merlin Energy, LLC
Merlin Ventures, LLC
ModEarn, Inc.
NAK Holdings, LLC
NAP Realty, LLC
NJ Realty, LLC
Sarah Air LLC
TimePlus Systems, LLC

**Governmental and Regulatory Agencies**
Internal Revenue Service
United States Department of Justice

**Insurers**
Alliant Insurance Services, Inc.
Amerisure Mutual Insurance Company
Anthem Blue Cross Blue Shield
Capital Specialty Insurance Co.
Chubb Insurance Co.
Evanston Insurance Company
Great Midwest Insurance Co.
The Horton Group
Mesirow Insurance Services
Travelers Insurance Co.
Underwriters at Lloyd's of London
Wesco Insurance Co.
Westchester Fire Insurance Co.

**Landlords**
Bob's Moraine Trucking
Brookwood Philadelphia II LLC
Core Grand Rapids
Core Realty
DHS Property Investments
Innovation Park at Notre Dame
KRW Investments, Inc
University Of Notre Dame/Idea Center

**Northern District of Indiana
Bankruptcy/District Court Judges**
Ahler, James R
Brady, Holly A.
Collins, Susan L.
Dees, Harry C.
DeGuilio, Jon E.
Gotsch, Michael G.
Grant, Robert E
Kolar, Joshua P.
Lazar Springmann, Theresa
Lee, William C
Lindquist, Kent
Martin, John
Miller, Robert L.
Moody, James T.

Rodovich, Andrew
Simon, Philip P.
Van Bokkelen, Joseph S.

**Notice of Appearance Parties**
US Signcrafters, Inc.
Indiana Beverage
KZRV LP
Postle Operating LLC d/b/a Postle
Aluminum
Synergid, Inc. d/b/a Paul Davis Restoration
of Northeast Indiana

**Professionals**
Huron Consulting Group
Huron Transaction Advisory
Prime Clerk LLP
Thompson Hine LLP
Tuesley Hall Konopa, LLP

**Secured Lenders**
(Included with Banks)

**Shareholders**
Cadotte, Troy
Dennis H. Chookaszian Revocable Trust
Downs, Christopher
Graham, Tracy
Khan Shoemaker, Sarah
Levy, Kevin
Malloy, Terrence
Marsh, Tina L.
McCormick, Paul G.
Raney, Jonathan
Tiebout, Charles
Witek, Paul M.

**Taxing Authorities**
Arizona Dept. of Revenue
Arizona Secretary of State
Arthur E. Ferdinand, Tax Commissioner,
Fulton County, GA
City of Kentwood, MI
City of Ontario, CA
City of Roswll, GA
City of Scottsdale

County Clerk of San Bernardino, CA
Count of Elkhart, IN
Florida Dept. of Revenue
Florida Dept. of State
Georgia Dept. of Labor
Georgia Dept. of Revenue
Illinois Secretary of State
Ohio Bureau of Workers' Compensation
Ohio Internal Revenue Service
Pennsylvania Dept. of Revenue
Pima County, AZ Treasure
State of California
State of Main
State of Michigan
State of Tennessee
Treasurer of Allen County, Indiana
Treasure of State of Ohio
Treasure of State of Maine

**Top Customers**
[Redacted][1]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]
[Redacted]

---

[1] Pursuant to the *Order Granting Debtors' Motion Authorizing Debtors to File Employee Information and Customer Information Under Seal* [Docket No. 108], certain customer information contained herein has been redacted and filed under seal.

[Redacted]                              [Redacted]
[Redacted]
[Redacted]                              **Top Unsecured Creditors**
[Redacted]                              Axia TP
[Redacted]                              Barnes & Thornburg, LLP
[Redacted]                              Barnett Associates (an Equifax Company)
[Redacted]                              Blackbaud, Inc
[Redacted]                              Builders Enterprise Corp
[Redacted]                              Canteen Refreshment Services
[Redacted]                              CDW Computer Centers, Inc
[Redacted]                              Centurylink
[Redacted]                              Corporate Graphic Solutions
[Redacted]                              Daisy I.T.
[Redacted]                              Duley Press
[Redacted]                              Federal Express
[Redacted]                              Firevine Advertising & Design
[Redacted]                              Flexential
[Redacted]                              Get Fit Get Healthy
[Redacted]                              Golden State Overnight
[Redacted]                              Got Tint Automotive Superstore
[Redacted]                              Griffen Plumbing & Heating
[Redacted]                              Indiana Chamber Commerce
[Redacted]                              Kosciusko Chamber Of Commerce
[Redacted]                              Lasership, Inc
[Redacted]                              LCWR
[Redacted]                              Logmein USA, Inc.
[Redacted]                              Mail Management, Inc.
[Redacted]                              Mailfinance
[Redacted]                              Mammoth, Inc
[Redacted]                              MCE Inc
[Redacted]                              Midwest Automated Time Systems
[Redacted]                              Moser Consulting
[Redacted]                              Mountain High Toner
[Redacted]                              National Comtel Network, Inc.
[Redacted]                              New Avenues
[Redacted]                              Paperwise, LLC
[Redacted]                              Payday Inc
[Redacted]                              Presearch Background Services, Inc
[Redacted]                              Proforma Corporate Solutions
[Redacted]                              Pure Water Technology Georgia, LLC
[Redacted]                              Quill Corporation
[Redacted]                              Ready Refresh
[Redacted]                              Republic Services
[Redacted]                              Route Messengers Of Pa
[Redacted]                              Shred-It Usa
[Redacted]

Society for Human Resource Management (SHRM)
Spectrum Enterprise
Speedy Courier Service
Swipeclock.Com
Syncstream Solutions
That Essential Spark
Trace3
Tri-State Protection Inc

**Utilities**
Arizona Public Service Electric Company
AT&T
Centurylink
Comcast
Cox Communication Business
Elkhart Public Utilities
Frontier Communications
Indiana Michigan Power
ITS Communication

National Comtel
Northern Indiana Public Service Company
TDA Metrocom
Time Warner Cable
US Signal
Vonage Business
Verizon Wireless
Windstream (Earthling Business)

**U.S. Trustee Region 10 Office**
Achterberg, Stephanie
Allin, Kathleen A.
Froehlke, Dianne S.
Gerencher, Kevin
Oliver, Karen
Prokop, Jennifer
Roberts, Susan J.
Tomshack, Kathleen
Triebold, Ellen L.

4

**Schedule 2**

**PARTIES IN INTEREST OR THEIR AFFILIATES WHOM PAUL HASTINGS HAS, OR
MAY HAVE, REPRESENTED WITHIN THE LAST FIVE YEARS IN MATTERS
UNRELATED TO THE DEBTORS**

| Parties in Interest | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| Bank of America, N.A. | Banks | Current client, parent Bank of America Corp and related entities are clients. |
| JP Morgan Chase, N.A. | Banks | Current client, parent JPMorgan Chase & Co and related entities are clients. |
| KeyBank National Association | Banks | Not a client. Related entities KeyBanc Capital Markets and Pacific Crest Securities, Inc. are clients. |
| PNC Bank, N.A | Banks | Related entity PNC Capital Markets LLC is a current client. |
| Wells Fargo Bank, N.A. | Banks | Current client, parent Wells Fargo & Company and related entities are clients. |
| Internal Revenue Service | Governmental and Regulatory Agencies | Not a client. Entities related to parent, United States of America, are current clients. |
| United States Department of Justice | Governmental and Regulatory Agencies | Not a client. Entities related to parent, United States of America, are current clients. |
| Alliant Insurance Services, Inc. | Insurers | Not a client. Parent Stone Point Capital LLC and related entities are clients. |
| Chubb Insurance Co. | Insurers | Not a client. Entities related to parent, Chubb Limited, are former clients. |
| Underwriters at Lloyd's of London | Insurers | Lloyd's Bank is a current client. Entities related to parent, Lloyd's Banking Group plc, are current clients. |
| Wesco Ins. Co. | Insurers | Not a client. An entity related to parent, AmTrust Financial Services Inc., is a current client. |
| Westchester Fire Ins. Co. | Insurers | Former client. Entities related to parent, Chubb Limited, are also former clients. |
| Innovation Park at Notre Dame | Landlords | Not a client. Parent University of Notre Dame and related entities are former clients. |
| University Of Notre Dame/Idea Center | Landlords | Not a client. Parent University of Notre Dame and related entities are former clients. |
| Prime Clerk LLP | Professionals | Not a client. An entity related to parent, Permira Advisers LLP, is a current client. |
| State of California | Taxing Authorities | Entities related to State of California are current clients. |

| Parties in Interest | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| [Redacted] | Top 30 Customers | Not a client. Entities related to parent CBRE Group Inc. are current clients. |
| Blackbaud, Inc | Top Unsecured Creditors | Not a client. Related entity Smart Tuition LLC is a former client. |
| Canteen Refreshment Services | Top Unsecured Creditors | Not a client. An entity related to parent, Compass Group PLC, is a current client. |
| CDW Computer Centers, Inc | Top Unsecured Creditors | Not a client. Entities related to parent, CDW Corp., are current clients. |
| Flexential | Top Unsecured Creditors | Current client. Parent, GI Partners, and related entities are also current clients. |
| Quill Corporation | Top Unsecured Creditors | Not a client. Entities related to parent, Sycamore Partners, are former clients. |
| Republic Services | Top Unsecured Creditors | Current client. |
| Shred-It USA | Top Unsecured Creditors | Not a client. Related entity, PSC Environmental Services, is a former client. |
| Swipeclock.Com | Top Unsecured Creditors | Swipeclock is a current client. Entities related to parent, Graham Group, are also current clients. |
| Trace3 | Top Unsecured Creditors | Not a client. Entities related to parent, HIG Capital Management, are current clients. |
| AT&T | Utilities | Current client. Parent, AT&T Inc., and related entities are current clients. |
| Comcast | Utilities | Current client. Entities related to parent, Comcast Holdings Corporation, are also current clients. |
| Cox Communication Business | Utilities | Not a client. Entities related to parent, Cox Enterprises Inc., are current clients. |
| Frontier Communications | Utilities | Current client. Entities related to parent, Frontier Communications Corporation, are current clients. |
| Time Warner Cable | Utilities | Current client. Parent, Charter Communications Inc., and related entities are current clients. |
| Verizon Wireless | Utilities | Current client. Entities related to parent, Verizon Communications, are also current clients. |

## EXHIBIT C

**Wikel Declaration**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERLOGIC OUTSOURCING, INC., | Case No. 19-31445-hcd |
| IOI PAYROLL SERVICES, INC., | |
| IOI WEST, INC., | (Jointly Administered) |
| LAKEVIEW HOLDINGS, INC., | |
| LAKEVIEW TECHNOLOGY, INC., | |
| MODEARN, INC., and | |
| TIMEPLUS SYSTEMS LLC,[1] | |
| Debtors. | |

**DECLARATION OF DANIEL WIKEL**
**IN SUPPORT OF DEBTORS' APPLICATION FOR**
**ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE RETENTION**
**AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS**

I, Daniel Wikel, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am the Chief Restructuring Officer of Interlogic Outsourcing, Inc., a corporation organized under the laws of Indiana and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I have served in this role since on or around July 14, 2019, and I have over 25 years of experience working exclusively in distressed situations and transactions.

2.      I submit this declaration on behalf of, and am authorized to make this declaration by, the Debtors in support of the *Debtors' Application for Entry of an Order Authorizing and*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473).  The location of the Debtors' headquarters is:  1710 Leer Drive, Elkhart, Indiana 46514.

*Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application").[2]

3.    I am generally familiar with the Debtors' history, day-to-day operations, business, and financial affairs.  Except as otherwise noted, all facts in this declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by members of the Debtors' management and other employees of the Debtors.

### The Debtors' Selection of Paul Hastings

4.    Based on my experience and input from members of the Debtors' management, the Debtors selected Paul Hastings as their counsel in these chapter 11 cases because they found Paul Hastings to be well-qualified for this engagement.  Paul Hastings has extensive experience and knowledge of the chapter 11 bankruptcy process and a long history of representing debtors and official committees in chapter 11 cases.  Moreover, Paul Hastings has substantial experience in virtually all aspects of law that may arise in these chapter 11 cases, including corporate, employee benefits, finance, intellectual property, labor and employment, litigation, investigations and white collar crime, and tax.  Based on Paul Hastings' past experience in other bankruptcy cases, Paul Hastings' broad and directly applicable skill set, and the Debtors' experience with Paul Hastings since July 2019, the Debtors decided to retain Paul Hastings as counsel in these chapter 11 cases.  I believe that Paul Hastings is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

---

[2]    Capitalized terms used but not defined herein shall have the meaning set forth in the Application.

**Rate Structure**

5.      In my capacity as the Chief Restructuring Officer, I am responsible for supervising retained counsel.  Paul Hastings has provided and will continue to provide professional services to the Debtors in connection with these chapter 11 cases under its standard rate structure.  Paul Hastings has informed the Debtors that its rates under its standard rate structure are consistent among bankruptcy representations undertaken under the standard rate structure, including related corporate and transactional services.  Paul Hastings has further informed the Debtors that its rates and terms under its standard rate structure for non-bankruptcy engagements are the same as the rates and the terms for the Debtors' engagement of Paul Hastings in these chapter 11 cases.

6.      Paul Hastings also has informed the Debtors that it endeavors to set hourly rates for its attorneys and paralegals at levels competitive to those charged by comparably skilled professionals in other law firms.  Based on my experience retaining various law firms in other matters, Paul Hastings' hourly rates are consistent with the hourly rates charged by other law firms for similarly complex bankruptcy-related services.

7.      I am also responsible for reviewing the invoices regularly submitted by Paul Hastings and can confirm that the rates Paul Hastings charged the Debtors in the prepetition period are the same as the rates that Paul Hastings will charge in the postpetition period.  Paul Hastings has informed the Debtors that its standard hourly rates are subject to periodic adjustment and, so long as Paul Hastings charges its standard hourly rates in effect at the time, the Debtors consent to Paul Hastings' annual and other periodic rate increases.

**Cost Supervision**

8.      The Debtors and Paul Hastings expect to develop a budget and staffing plan to comply with the U.S. Trustee's request for information and additional disclosures and any orders

of the Court, for the Petition Date through October 31, 2019, recognizing that in the course of complex chapter 11 cases, there may be unforeseeable fees and expenses that the Debtors and Paul Hastings will need to address.  The Debtors understand that it is their responsibility to monitor closely the billing practices of their counsel to ensure that the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases.  The Debtors will continue to review the invoices that Paul Hastings submits and, together with Paul Hastings, periodically amend the budget and staffing plans as these chapter 11 cases develop.

9.    As they did prepetition, the Debtors will endeavor to bring discipline, predictability, client involvement, and accountability to the fees and expense reimbursement process.  While every chapter 11 case is unique, the budgets and staffing plans will provide guidance on the periods of time involved, the staffing level of attorneys and professionals who will work on these chapter 11 cases, and the projected average hourly rates for the attorneys and professionals rendering services during these chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

4

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 26, 2019
Elkhart, Indiana

_____
Daniel Wikel
Chief Restructuring Officer
**Interlogic Outsourcing, Inc.**

## **Exhibit D**

**Paul Hastings Agreement**



1(312) 499-6036
mattmurphy@paulhastings.com

July 13, 2019

**VIA ELECTRONIC MAIL**
**PRIVILEGED & CONFIDENTIAL:**
**PROTECTED BY ATTORNEY-CLIENT PRIVILEGE**

Timothy Daileader
Independent Director
IOI Payroll Services, Inc.
1710 Leer Drive
Elkhart, Indiana 46514

Re:    Engagement Letter

Dear Mr. Daileader:

We are delighted that Interlogic Outsourcing, Inc., IOI Payroll Services, Inc., TimePlus Systems, LLC, IOI West, Inc., Lakeview Technology, Inc., Lakeview Holdings, Inc., and ModEarn, Inc. (collectively, "Interlogic," "Client," "you" and "your") has selected Paul Hastings LLP (the "Firm," "we" and "our") to represent you in connection with contingency planning, general corporate advice, investigation and litigation. This letter and the attached Terms of Retention set forth the terms of our engagement for this matter and, unless we agree otherwise in writing, any additional matters that we agree to handle on your behalf.

*Scope of Services.* The scope of the services we have agreed to provide is limited to the specific matter described above (and any additional matters that we agree to handle). We will endeavor to keep you informed of the progress of your matters and respond to your inquiries. You agree to provide us with complete and accurate information and timely apprise us of developments that may affect our representation of you. Unless otherwise agreed in writing, our services will not include any business, investment, tax, insurance or accounting advice, any investigation into the character or credit status of persons or entities with whom you do business or engage, any appeal, any evaluation of whether insurance is available to you, whether your matter should be tendered to any insurance carrier, or whether you may have claims against any third party unrelated to the specific matter described above or the validity of any such claims.

*Fees and Expenses.* We typically bill for our services and expenses on a monthly basis and expect prompt payment. Unless otherwise agreed in writing, we will charge fees based on the hourly rates of the attorneys, paralegals or other personnel providing services, which are periodically revised. The current hourly rates of the attorneys expected to work on your matter are as follows:

| Timekeeper Category | U.S. Hourly Rate Range |
| --- | --- |
| Partners | $1,100 - $1,250 |
| Of Counsel | $1,025 - $1,250 |
| Associates | $605 - $1,040 |
| Paralegals | $240 - $445 |



We may use the services of other attorneys, paralegals or other personnel when appropriate which will be charged at the hourly rates for such individuals. Our hourly rates are based on experience, training, specialty, and other relevant factors. We periodically revise these rates based on various factors including market information. We also will invoice you for ancillary services and expenses. Please refer to the section on Billing and Expenses in the attached Terms of Retention for additional details.

*Fee Disputes.* We encourage our clients to raise questions promptly about any billing matters. You agree to review our statements and raise any questions or concerns within 30 days of receipt. If you object to a portion of the charges on a statement, you agree to pay the remaining charges promptly, which will not constitute a waiver of your objection. If there is a disagreement about a billing issue, we will work with you to try to reach an amicable resolution.

*Confirmation of Agreement.* To memorialize our understanding, please sign and return the enclosed copy of this letter. Your signature confirms that this letter, including the attached Terms of Retention, accurately sets forth all of the terms of our engagement and is approved and accepted by Client. However, please note that your continuing to work with us on this matter will constitute acceptance of the terms set forth herein.

We are pleased to have the opportunity to represent you.

Very truly yours,

Matthew M. Murphy
of PAUL HASTINGS LLP

Agreed to this 13th day of ___July___, 2019 . By: _____

Authorized to sign on behalf of Interlogic

MMM: lj

Attachments



## Paul Hastings LLP Terms of Retention

The following provisions will apply to the relationship between Paul Hastings LLP, including its affiliates, (the "Firm" and "we") and the Client ("you" and "your"), as identified in the accompanying letter agreement:

1. **Client Identity.**  The Firm agrees to represent you and only you in connection with the matters for which we are engaged and, unless otherwise agreed in the attached letter or in a later writing, we will not represent or form an attorney-client relationship with any person or entity related to you, including (i) any officer, director, employee or agent; (ii) any parent, subsidiary or other affiliate; (iii) any entity of which you are a partner or member; (iv) any shareholders, partners, members, or other related interests; (v) any fund or account that you manage; or (vi) any of your insurers (when we represent a party in defending a claim covered by insurance, we represent the insured, not the insurer, even though we may be approved, selected or paid by the insurer).

2. **No Guarantee of Outcome.**  We do not and cannot guarantee the outcome in any matter or the effectiveness of any recommended course of action.  Any statements in this regard are expressions of opinion, and will not be construed as promises or guarantees.

3. **Non-Binding Estimates.**  The Firm understands the importance of the budgeting process, and we will accommodate reasonable requests to prepare budgets and estimates.  However, budgets and estimates are by their nature inexact and shall not be binding.

4. **Billing and Expenses.**  The Firm will invoice you for ancillary services and expenses such as photocopying, scanning, messenger and courier services, court reporter services, filing fees, online or computerized research, litigation support service, document processing, facsimile, postage, printing, secretarial or administrative overtime, travel related expenses, parking and similar expenses, whether internal or paid to third parties.  Charges for ancillary services are typically based on the Firm's out-of-pocket cost, a consideration of the market price and customary charges of other providers, or some combination of these factors, and may exceed the actual cost of such services.  If a matter requires the services of a third party (*e.g.*, experts, consultants, mediators, e-discovery vendors), you agree to pay such third parties directly whether they are retained by the Firm on your behalf or by you directly.  However, if the Firm assumes an obligation or makes payment on your behalf, you agree to promptly reimburse the Firm and indemnify the Firm for its payment and other obligations and liabilities related thereto.  If the matter necessitates a substantial expenditure on your behalf, we may require that you pay the expense directly or that you pay the funds to the Firm before the expense is incurred or paid.  All payments may be sent directly to our lockbox at Paul Hastings LLP, P.O. Box 894803, Los Angeles, CA 90189-4803, or via ACH or wire in accordance with the instructions provided on each billing statement.  The Firm reserves the right to charge a late fee of 1% per month on all sums that are not paid within 30 days of presentation of our billing statement.

5. **Advance Payments.**  The Firm may require an advance payment before working on this matter or any other matter that we agree to handle.  Unless otherwise agreed, all advance payments shall be deemed to be advances on attorneys' fees and shall not constitute advances for costs.  Where permitted, the Firm may maintain such advance fee payments in a general account.  The amount of this advance payment does not represent our estimate of the total charges that may be incurred, but



is only a partial advance payment. You understand that the amount of work that we may need to perform may exceed our current expectations. The Firm reserves its right, as a condition to the provision of further services, to require an advance payment, if none has previously been provided, or an additional advance payment. Any charges not covered by the advance payment are due and payable directly by you on receipt of each monthly statement. At the conclusion of our representation, any portion of any advance payment which has not been used to pay outstanding invoices will be refunded to you.

With respect to litigation matters, arbitration and other adversarial proceedings, such matters are often time-consuming and expensive. We may require an advance payment in an amount to be determined based on an estimate of the magnitude of service and expenditures that will likely be involved. If you fail to provide this additional advance payment within 30 days after it is requested by us, you agree that we have the right to discontinue our representation to the extent legally permissible.

6. **Our Firm Privilege.** From time to time issues arise that raise questions concerning our professional duties. You agree that attorneys and staff working on your matter may consult with lawyers at the Firm or other counsel with respect to professional responsibilities, ethical obligations and related matters. You further agree that those consultations will be protected by the Firm's own attorney-client privilege and will not be part of your client file.

7. **Confidentiality of Client Information.** The Firm takes seriously its obligation to protect the confidentiality of client information. It is possible that through the representation of a client, we have or will obtain information that may be of interest or material to another client, but which our ethical obligations prevent us from sharing. You agree that the Firm is not obligated to disclose to you or use on your behalf any confidential information obtained through representing other clients. You also agree that you will not assert that the Firm has breached any duty to you or has any conflict of interest based on the possession of such information.

8. **Waiver of Prospective Conflicts.** Because we represent a large number of clients in a wide variety of legal matters, it is possible that we will be asked to represent a client whose interests are actually or potentially adverse to your interests in matters that may include, without limitation, mergers, acquisitions, financing, restructuring, bankruptcy, litigation, or administrative, rulemaking or regulatory proceedings. We may also be asked to serve a subpoena or take other discovery of you on behalf of another client. In particular, the Firm may have established relationships with clients engaged in a business in your industry or a related industry and may have represented such clients in connection with various aspects of their business, including, without limitation, mergers, acquisitions, financing, restructuring, bankruptcy, litigation, or administrative, rulemaking or regulatory proceedings.

In any of these circumstances, we agree that we will not undertake any such representation if it is substantially related to a matter in which we have represented you. If the other representation is not substantially related to a matter in which we have represented you, however, then you agree to our accepting such representation and you waive any resulting actual or potential conflicts of interests that may arise, provided that: (i) our effective representation of you and the discharge of our professional responsibilities to you are not prejudiced by our undertaking the other representation; (ii) we protect your confidential information and implement ethical walls as necessary to screen the



lawyers working on the other representation from involvement in your matters, and vice versa; and (iii) the other client has consented to and waived potential and actual conflicts of interest.

In deciding whether to waive the conflicts described herein, you should consider the potential risks (*e.g.*, that the Firm could be less zealous in our representation of you, favor the interests of another client over yours, or use your confidential information in a manner adverse to your interests). We would not accept a representation if we believed these issues posed a material risk, because we understand our role as advocates in particular matters, we take our obligations to each of our clients seriously, and we have established policies and procedures to protect our clients. Nevertheless, these are issues that you should consider for yourself and on which we encourage you to seek advice from independent counsel. By signing this letter, you consent to and waive the conflicts set forth herein and agree that for purposes of this waiver, your signature binds you and all subsidiaries, affiliates, and agents you are authorized to bind. You also agree that you have been advised to seek advice from independent counsel with respect to this waiver, and have been given the opportunity to do so.

If for any reason, your consent and waiver of potential conflicts is not effective in specific circumstances, you consent to our resignation from our representation of you and agree to support a motion, if filed by us, to withdraw from our representation of you if resignation at that time is otherwise permissible under applicable professional rules. In that case, you would need to engage, at your expense, new counsel to represent your interests.

Prior to initiating litigation or a proceeding against a third party or defending against claims made by a third party, in each instance the Firm will confirm that it has no potential or actual conflict of interest.

9. **Client and Firm Records.** During the course of the engagement, the Firm will maintain a file that may include correspondence, agreements, filings, disclosures, pleadings, transcripts, exhibits, evidence, reports, and other items related to our engagement (the "Client File"). You are entitled to obtain the Client File upon reasonable notice to the Firm, subject to the Firm's right to maintain a copy, at your expense. Unless precluded by applicable law including rules of professional responsibility, you agree that the Firm's accounting and administrative records, time and expense records, internal e-mail communications, attorney work product and other materials prepared for internal use are not part of the Client File and shall be and remain the property of the Firm, and that you have no right to such materials. If we agree to transfer, destroy or return information to you in a manner that is not in accordance with these Terms of Retention or our general internal policies or practices, you agree to pay the additional cost of doing so at an hourly rate of $250.

You agree that, upon request, you will take possession of any and all original contracts, wills, stock certificates, and other such important documents that may be in the Client File, and that we shall have no further responsibility with regard to such documents. Generally, the Firm keeps Client Files for at least seven (7) years after the conclusion of an engagement. You agree that, unless you instruct us otherwise in writing, we may destroy the Client File after seven (7) years from the date on which time was last billed to the matter.

10. **Conclusion of Representation.** You have the right to terminate our services at any time, subject to court approval if required. Likewise, subject to applicable ethical rules, the Firm has the right to terminate its representation of you if you fail to pay our invoices in a timely manner, your lack of



cooperation renders it unreasonably difficult to effectively represent you, continued representation would be unlawful or unethical, or for any other reason. Upon conclusion of our representation, except as expressly agreed in writing, the Firm shall have no further obligation to advise you with respect to any issues relating to any matter for which the Firm was engaged, including monitoring dockets or calendars, filing documents (including judgments, liens and recording abstracts), or informing you of deadlines, changes in the law, or other developments. The fact that we may inform you of developments in the law that may be of interest to you is a courtesy and will not create or continue an attorney-client relationship.

Upon conclusion of our representation, you will remain obligated to pay for services rendered and costs or expenses paid or incurred on your behalf before the termination or which are reasonably necessary thereafter. You also agree to cooperate with us by performing any acts necessary to effect termination, including executing and filing any documents necessary to relieve us from further obligations (e.g., substitution of attorney).

11. **Consent to Electronic Communications and Media.** In order to maximize our efficiency and facilitate communication and collaboration with you, we use a variety of electronic communication methods, devices and media including, but not limited to, email, document transfer by computer, mobile phones, tablets, cloud storage and such other devices and media which may develop in the future. The Firm supports email encryption in transit using industry standard TLS encryption for both inbound and outbound email messages. The Firm endeavors to use reasonable security measures consistent with applicable law, including our ethical obligations, and appropriate to the sensitivity of the information. However, no electronic medium is without risk. Your acceptance of these Terms of Retention constitutes consent to the use of these electronic communication devices and media, and acceptance of the risks that they entail.

12. **Privacy.** We will collect, process, store and transfer all personal data disclosed to us by or on behalf of you ("Personal Information") in compliance with relevant data protection laws and regulations and for the purposes set out in our Global Privacy Statement (available at www.paulhastings.com) or as otherwise permitted or required by applicable law. Paul Hastings is certified to and complies with the principles of the EU-U.S. Privacy Shield Framework, where applicable, and also has standard contractual clauses in place between and among our offices and affiliates. You acknowledge and agree that we may collect, process, store and transfer Personal Information within our Firm at any of our offices and affiliates around the globe and to agent(s) and third parties retained by us, together with their successors and assigns, in accordance with relevant data protection laws and regulations as set out in our Global Privacy Statement.

13. **Market Abuse Directive.** You agree to notify the Firm in writing if you are subject to the European Union's Market Abuse Directive 2003/6/EC (the "Directive") and the legislation implementing the Directive in EU member states, and require the Firm to maintain an insider list for your matter. Upon such notice, we will prepare and maintain a list of those persons working for the Firm who have access to certain inside information by virtue of our representation of you. If you have any questions relating to such list or any other issues, please contact the partner who signed the accompanying letter agreement.

14. **Related Proceedings and Matters.** If, as a result of our representation of you, we are asked to respond to subpoenas or other discovery, provide testimony, or otherwise participate in a related



proceeding or matter, you agree to compensate us for resulting costs, including, without limitation, compensation for our time at the hourly billing rate of the individuals involved.

15. **Disclosure of Client Relationship.**  The Firm is honored to represent you and would like to identify you as a Firm client in public relations and other promotional materials.  By signing the accompanying letter agreement, you agree that the Firm can, without revealing any privileged or non-public information, disclose your name and the general nature of the representation for public relations and promotional purposes.

16. **Entire Agreement.**  Except for written or oral consents and waivers of actual or potential conflicts of interest, the accompanying letter agreement and these Terms of Retention supersede all other prior and contemporaneous written and oral agreements and understandings and contain the entire agreement between you and the Firm.  The accompanying letter agreement and these Terms of Retention may be modified only by subsequent written agreement between you and the Firm that expressly states that it is modifying the accompanying letter agreement and these Terms of Retention.  You acknowledge that no promises have been made to you other than those stated in the accompanying letter agreement and these Terms of Retention.

17. **Severability.**  If any section or portion of the accompanying letter agreement and these Terms of Retention is determined by any court or arbitrator to be illegal, invalid or unenforceable, such section or portion shall be deemed stricken and the remaining terms shall not be affected.

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew T. Kight, proposed co-counsel for the Debtors, hereby certify that on August 26, 2019, a true and accurate copy of the foregoing was filed using the Court's CM/ECF electronic filing system and on that date I caused a copy of the foregoing to be served by Prime Clerk LLC, the Debtors' noticing agent, on those parties identified on the attached service list in the manner set forth therein.

*/s/ Andrew T. Kight*
Andrew T. Kight

Exhibit A
Core/2002 Service List
Served as set forth below

| DESCRIPTION | NAME | ADDRESS | EMAIL | METHOD OF SERVICE |
|---|---|---|---|---|
| Counsel to Wells Fargo Bank NA | Baker & McKenzie LLP | Attn: Peter S. Goodman, James Donnell<br>425 Fifth Avenue<br>New York NY 10018 | Peter.Goodman@bakermckenzie.com<br><br>James.Donnell@bakermckenzie.com | Email |
| Counsel to Lake City Bank | Barack Ferrazzano Kirschbaum & Nagelberg LLP | Attn: W. Scott Porterfield, Nathan Q. Rugg, Stanley F. Orszula, Megan R. Grant<br>200 West Madison Street<br>Suite 3900<br>Chicago IL 60606 | scott.porterfield@bfkn.com<br>nathan.rugg@bfkn.com<br>stan.orszula@bfkn.com<br>megan.grant@bfkn.com | Email |
| Counsel for Ottenweller Co. | Barrett McNagny LLP | Attn: Michael P. O'Hara, Esq.<br>215 East Berry Street<br>Fort Wayne IN 46802 | mpo@barrettlaw.com | First Class Mail and Email |
| Counsel to Botkin & Hall, LLP | Botkin & Hall, LLP | Attn: Michael D. Marston<br>1003 North Hickory Road<br>South Bend IN 46615 | | First Class Mail |
| Counsel to US Signcrafters, Inc. | Hahn\|Waltz, P.C. | Attn: Marianne R. Tucker<br>509 W Washington Bend Ave.<br>South Bend IN 46601 | mtucker@hahnwalz.com | Email |
| Proposed Counsel to the Committee | Hammerschmidt, Amaral & Jonas P.C. | Attn: R. William Jonas Jr.<br>137 N. Michigan Street<br>South Bend IN 46601 | jla@hajlaw.com | Email |
| Counsel to Synergid, Inc., d/b/a Paul Davis Restoration of Northeast Indiana | Hawk Haynie Kammeyer & Smith, LLP | Attn: W. Randall Kammeyer<br>116 East Berry Street<br>Lincoln Tower Suite 302<br>Fort Wayne IN 46802 | | First Class Mail |
| Counsel to Indiana Beverage, KZRV LP, and Postle Operating, LLC d/b/a Postle Aluminum | Ice Miller LLP | Attn: Jason M. Torf, Daniel J. Polatsek<br>200 West Madison Street<br>Suite 3500<br>Chicago IL 60606 | Jason.Torf@icemiller.com<br><br>Daniel.Polatsek@icemiller.com | Email |
| Counsel to Indiana Beverage, KZRV LP, Postle Operating, LLC d/b/a Postle Aluminum, and Proposed Counsel to the Committee | Ice Miller LLP | Attn: Jeffrey A. Hokanson<br>One American Square<br>Suite 2900<br>Indianapolis IN 46282-0200 | Jeff.Hokanson@icemiller.com | Email |
| Counsel to Indiana Beverage, KZRV LP, Postle Operating, LLC d/b/a Postle Aluminum, and Proposed Counsel to the Committee | Ice Miller LLP | Attn: Louis T. DeLucia, Alyson M. Fiedler<br>1500 Broadway<br>Suite 2900<br>New York NY 10036 | Louis.DeLucia@icemiller.com<br><br>Alyson.Fiedler@icemiller.com | Email |
| Internal Revenue Service | Internal Revenue Service | Centralized Insolvency Operation<br>2970 Market Street<br>Mail Stop 5-Q30.133<br>Philadelphia PA 19104-5016 | | First Class Mail |
| Internal Revenue Service | Internal Revenue Service | Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 | | First Class Mail |
| Co-Counsel to the Debtors and Debtors in Possession | Jacobson Hile Kight LLC | Attn: Andrew T. Kight, Michael W. Hile, Christine K. Jacobson<br>The Elliott House<br>108 East 9th Street<br>Indianapolis IN 46202 | akight@jhklegal.com<br>mhile@jhklegal.com<br>cjacobson@jhklegal.com | Email |
| Counsel to Jones Law Office, LLC | Jones Law Office, LLC | Attn: Andrew B. Jones<br>205 W. Jefferson Blvd., Ste 200<br>South Bend IN 46601 | andrew@attorney-jones.com | Email |

Exhibit A
Core/2002 Service List
Served as set forth below

| DESCRIPTION | NAME | ADDRESS | EMAIL | METHOD OF SERVICE |
|---|---|---|---|---|
| Office of the United States Trustee | Office of the United States Trustee | Attn: Ellen L. Triebold<br>100 E. Wayne Street<br>Suite 555<br>South Bend IN 46601 | Ellen.L.Triebold@usdoj.gov | Email |
| United States Trustee Northern District of Indiana | Office of the United States Trustee | Attn: Susan Jaffe Roberts, Assistant U.S. Trustee<br>100 East Wayne Street, Suite 555<br>South Bend IN 46601 | Susan.J.Roberts@usdoj.gov | First Class Mail and Email |
| Co-Counsel to the Debtors and Debtors in Possession | Paul Hastings LLP | Attn: Matthew M. Murphy, Nathan S. Gimpel, Matthew Smart, and Michael Whalen<br>71 South Wacker Drive<br>Suite 4500<br>Chicago IL 60606 | mattmurphy@paulhastings.com<br>nathangimpel@paulhastings.com<br>MatthewSmart@paulhastings.com<br>michaelcwhalen@paulhastings.com | Email |
| Counsel to Wells Fargo Bank NA | Rothberg Logan & Warsco LLP | Attn: Mark Warsco, Jared C. Helge<br>505 East Washington Blvd.<br>P.O. Box 11647<br>Fort Wayne IN 46859-1647 | mwarsco@rlwlawfirm.com<br>jhelge@rlwlawfirm.com | Email |
| Securities and Exchange Commission - Headquarters | Securities & Exchange Commission | Attn: Secretary of the Treasury<br>100 F. Street NE<br>Washington DC 20549 | secbankruptcy@sec.gov | First Class Mail and Email |
| Securities and Exchange Commission - Regional Office | Securities & Exchange Commission - NY Office | Attn: Bankruptcy Department<br>200 Vesey Street, Suite 400<br>New York NY 10281 | bankruptcynoticeschr@sec.gov<br>NYROBankruptcy@SEC.GOV | First Class Mail and Email |
| Securities and Exchange Commission - Regional Office | Securities & Exchange Commission - Philadelphia Office | Attn: Bankruptcy Department<br>One Penn Center<br>1617 JFK Boulelvard, Suite 520<br>Philadelphia PA 19103 | secbankruptcy@sec.gov | First Class Mail and Email |
| Counsel to Polygon Company | Sopko, Nussbaum, Inabnit & Kaczmarek | Attn: Matthew R. Kaczmarek<br>5th Floor Plaza Building<br>210 South Michigan Street<br>South Bend IN 46601 | | First Class Mail |
| Counsel to Key Bank and the DIP Lender | Thompson Hine LLP | Attn: Alan Lepene, Sean Gordon, Curtis Tuggle, John C. Allerding<br>3900 Key Center<br>127 Public Square<br>Cleveland OH 44114-1291 | Alan.Lepene@ThompsonHine.com<br>Sean.Gordon@ThompsonHine.com<br>Curtis.Tuggle@ThompsonHine.com<br>John.Allerding@ThompsonHine.com | First Class Mail and Email |
| Counsel to KZRV LP and Postle Operation, LLC d/b/a Postle Aluminum | Thor Industries, Inc. | Attn: Trevor Q. Gasper<br>601 E. Beardsley Ave.<br>Elkhart IN 46514 | tgasper@thorindustries.com | Email |
| United States Attorney's Office for the Northern District of Indiana | US Attorney's Office for the Northern District of Indiana | 204 South Main Street<br>Room MO-1<br>South Bend IN 46601 | usainn.webmaster@usdoj.gov | First Class Mail and Email |

In re: Interlogic Outsourcing, Inc., et al.<br>Case No. 19-31445

Page 2 of 2

Exhibit B
Attorney Generals Service List
Served as set forth below

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | EMAIL | METHOD OF SERVICE |
|---|---|---|---|---|---|---|---|---|---|---|
| 8103940 | STATE OF ARIZONA ATTORNEY GENERAL | ATTENTION: BANKRUPTCY DEPT | 1275 W. WASHINGTON ST. | | | PHOENIX | AZ | 85007 | aginfo@azag.gov | Email and First Class Mail |
| 8103941 | STATE OF FLORIDA ATTORNEY GENERAL | ATTENTION: BANKRUPTCY DEPT | THE CAPITOL, PL 01 | | | TALLAHASSEE | FL | 32399-1050 | | First Class Mail |
| 8103942 | STATE OF ILLINOIS ATTORNEY GENERAL | ATTENTION: BANKRUPTCY DEPT | 100 WEST RANDOLPH STREET | | | CHICAGO | IL | 60601 | webmaster@atg.state.il.us | Email and First Class Mail |
| 8103943 | STATE OF INDIANA ATTORNEY GENERAL | ATTENTION: BANKRUPTCY DEPT | INDIANA GOVERNMENT CENTER SOUTH | 302 W. WASHINGTON ST., 5TH FLOOR | | INDIANAPOLIS | IN | 46204 | Constituent@atg.in.gov | Email and First Class Mail |
| 8103944 | STATE OF MICHIGAN ATTORNEY GENERAL | ATTENTION: BANKRUPTCY DEPT | G. MENNEN WILLIAMS BUILDING, 7TH FLOOR | 525 W. OTTAWA ST. | P.O. BOX 30212 | LANSING | MI | 48909-0212 | miag@michigan.gov | Email and First Class Mail |
| 8103945 | STATE OF OHIO ATTORNEY GENERAL | ATTENTION: BANKRUPTCY DEPT | 30 E. BROAD ST., 14TH FLOOR | | | COLUMBUS | OH | 43215 | | First Class Mail |