**WHEREFORE**, KRW Investments respectfully requests that this Honorable Court avoid the KRW Lien pursuant to 11 U.S.C. §547(b) and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

## COUNT FIFTEEN
## AVOIDANCE OF KRW LIEN UNDER 11 U.S.C. §548(a)(1)(B)

124. The Debtors incorporate the allegations in Paragraph 1 thru 123 as though fully set forth herein.

125. The KRW Lien is a transfer of an interest of KRW Investments in property that occurred within the two (2) years prior to the Petition Date. KRW Investments granted a security interest in all of its assets to KeyBank on July 19, 2019 through the execution of the KRW Investments Security Agreement.

126. KRW Investments received no value or less than reasonably equivalent value in exchange for the KRW Lien.

127. KRW Investments was insolvent when the KRW Lien was granted or became insolvent as a result of the KRW Lien being granted.

128. In the alternative, KRW Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with it was an unreasonably small capital or KRW Investments intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, KRW Investments respectfully requests that this Honorable Court avoid the KRW Lien pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and further relief that this Court deems just and proper considering the facts and circumstances of this case.

## COUNT SIXTEEN
### AVOIDANCE OF KRW MORTGAGE UNDER 11 U.S.C. §547(b)

129. The Debtors incorporate the allegations in Paragraph 1 thru 128 as though fully set forth herein.

130. The KRW Mortgage was a transfer of an interest of KRW Investments in property that occurred within the 90 days prior to the Petition Date.

131. The KRW Mortgage was for the benefit of KeyBank and on account of an antecedent debt that KeyBank claims is owed by KRW Investments before the KRW Mortgage was made. Specifically, KeyBank claims that KRW Investments guaranteed the obligations of Interlogic under the Master Services Agreement.

132. KRW Investments is presumed to have been insolvent during the 90 days prior to the Petition Date and was, in fact, insolvent when the KRW Mortgage was granted.

133. The KRW Mortgage enabled KeyBank to receive more than it would receive if the case were one under chapter 7 of the Bankruptcy Code, the transfers had not been made, and if KeyBank received payment of the debt to the extent provided by the Bankruptcy Code.

**WHEREFORE**, KRW Investments respectfully requests that this Honorable Court avoid the KRW Mortgage pursuant to 11 U.S.C. §547(b) and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

## COUNT SEVENTEEN
### AVOIDANCE OF KRW MORTGAGE UNDER 11 U.S.C. §548(a)(1)(B)

134. The Debtors incorporate the allegations in Paragraph 1 thru 133 as though fully set forth herein.

135. The KRW Mortgage is a transfer of an interest of KRW Investments in property that occurred within the two (2) years prior to the Petition Date.

136. KRW Investments received no value or less than reasonably equivalent value in exchange for the KRW Mortgage.

137. KRW Investments was insolvent when the KRW Mortgage was granted or became insolvent as a result of the KRW Mortgage being granted.

138. In the alternative, KRW Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with it was an unreasonably small capital or KRW Investments intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, KRW Investments respectfully requests that this Honorable Court avoid the KRW Mortgage pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and further relief that this Court deems just and proper considering the facts and circumstances of this case.

**COUNT EIGHTEEN**
**AVOIDANCE OF KRW OBLIGATION UNDER 11 U.S.C. §548(a)(1)(B)**

139. The Debtors incorporate the allegations in Paragraph 1 thru 138 as though fully set forth herein.

140. The KRW Obligation is an obligation that was incurred within the two (2) years prior to the Petition Date.

141. KRW Investments received no value or less than reasonably equivalent value in exchange for the KRW Obligation.

142. KRW Investments was insolvent when the KRW Obligation was incurred or became insolvent as a result of the KRW Obligation.

25

143. In the alternative, KRW Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with it was an unreasonably small capital or KRW Investments intended to incur, or believed that it would incur, debts that would be beyond his ability to pay as such debts matured.

**WHEREFORE**, KRW Investments respectfully requests that this Honorable Court avoid the KRW Obligation pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and further relief that this Court deems just and proper considering the facts and circumstances of this case.

### COUNT NINETEEN
### AVOIDANCE OF KRW AND KHAN AVIATION MORTGAGE
### UNDER 11 U.S.C. §547(b)

144. Debtors incorporate the allegations in Paragraph 1 thru 143 as though fully set forth herein.

145. The KRW and Khan Aviation Mortgage was a transfer of interests if KRW Investments and Khan Aviation in property that occurred within the 90 days prior to the Petition Date.

146. The KRW and Khan Aviation Mortgage was for the benefit of KeyBank and on account of an antecedent debt owed by KRW Investments and Khan Aviation before the KRW and Khan Aviation Mortgage was granted. Specifically, KRW Investments and Khan Aviation guaranteed the obligations of Interlogic under the Master Services Agreement.

147. KRW Investments and Khan Aviation are presumed to be insolvent during the 90 days prior to the Petition Date and were, in fact, insolvent when the KRW and Khan Aviation Mortgage was granted.

26

148. The KRW and Khan Aviation Mortgage enables KeyBank to receive more than it would receive if the case were one under chapter 7 of the Bankruptcy Code, the transfer had not been made, and if KeyBank received payment of the debt to the extent provided by the Bankruptcy Code.

**WHEREFORE**, KRW Investments and Khan Aviation respectfully requests that this Honorable Court avoid the KRW and Khan Aviation Mortgage pursuant to 11 U.S.C. §547(b) and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

### COUNT TWENTY
### AVOIDANCE OF KRW AND KHAN AVIATION MORTGAGE
### UNDER 11 U.S.C. §548(a)(1)(B)

149. The Debtors incorporate the allegations in Paragraph 1 thru 148 as though fully set forth herein.

150. The KRW and Khan Aviation Mortgage is a transfer of an interest of KRW Investments and Khan Aviation in property that occurred within the two (2) years prior to the Petition Date.

151. KRW Investments and Khan Aviation received no value or less than reasonably equivalent value in exchange for the KRW and Khan Aviation Mortgage.

152. KRW Investments and Khan Aviation were insolvent when the KRW and Khan Aviation Mortgage was granted or became insolvent as a result of the KRW and Khan Aviation Mortgage being granted.

153. In the alternative, KRW Investments and Khan Aviation were engaged in a business or a transaction, or were about to engage in a business or a transaction, for which any property

remaining with then was an unreasonably small capital or KRW Investments and Khan Aviation intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

**WHEREFORE**, KRW Investments and Khan Aviation respectfully request that this Honorable Court avoid the KRW and Khan Aviation Mortgage pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and further relief that this Court deems just and proper considering the facts and circumstances of this case.

## COUNT TWENTY ONE
## AVOIDANCE OF GN INVESTMENTS LIEN UNDER 11 U.S.C. §547(b)

154. The Debtors incorporate the allegations in Paragraph 1 thru 153 as though fully set forth herein.

155. The GN Investments Lien was a transfer of an interest of GN Investments in property that occurred within the 90 days prior to the Petition Date. GN Investments granted a security interest in all of its assets to KeyBank on July 12, 2019 through the execution of the GN Investments Security Agreement, which was perfected on July 22, 2019.

156. The GN Investments Lien was for the benefit of KeyBank and on account of an antecedent debt owed by GN Investments before the GN Investments Lien was granted. Specifically, GN Investments guaranteed the obligations of Interlogic under the Master Services Agreement.

157. GN Investments is presumed to be insolvent during the 90 days prior to the Petition Date and was, in fact, insolvent when the GN Investments Lien was granted.

158. The GN Investments Lien enables KeyBank to receive more than it would receive if the case were one under chapter 7 of the Bankruptcy Code, the transfer had not been made, and if KeyBank received payment of the debt to the extent provided by the Bankruptcy Code.

**WHEREFORE**, GN Investments respectfully requests that this Honorable Court avoid the GN Investments Lien pursuant to 11 U.S.C. §547(b) and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

### COUNT TWENTY TWO
### AVOIDANCE OF GN INVESTMENTS LIEN UNDER 11 U.S.C. §548(a)(1)(B)

159. The Debtors incorporate the allegations in Paragraph 1 thru 158 as though fully set forth herein.

160. The GN Investments Lien is a transfer of an interest of GN Investments in property that occurred within the two (2) years prior to the Petition Date. GN Investments granted a security interest in all of its assets to KeyBank on July 12, 2019 through the execution of the GN Investments Security Agreement which was perfected on July 22, 2019, both of which occurred within the two (2) years prior to the Petition Date.

161. GN Investments received no value or less than reasonably equivalent value in exchange for the GN Investments Lien.

162. GN Investments was insolvent when the GN Investments Lien was granted or became insolvent as a result of the GN Investments Lien being granted.

163. In the alternative, GN Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with it was an unreasonably small capital or GN Investments intended to incur, or believe that it would incur, debts that would be beyond his ability to pay as such debts matured.

29

**WHEREFORE**, GN Investments respectfully requests that this Honorable Court avoid the GN Investments Lien pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and further relief that this Court deems just and proper considering the facts and circumstances of this case.

### COUNT TWENTY THREE
### AVOIDANCE OF GN INVESTMENTS VEHICLE LIENS UNDER 11 U.S.C. §547(b)

164. The Debtors incorporate the allegations in Paragraph 1 thru 163 as though fully set forth herein.

165. The GN Investments Vehicle Liens are a transfers of interests of GN Investments in property that occurred within the two (2) years prior to the Petition Date. GN Investments granted a security interest in all of its assets, including vehicles, to KeyBank on July 12, 2019. Upon information and belief, after July 12, 2019, within the two (2) years prior to the Petition Date, KeyBank utilized the Limited Power of Attorney granted to it by GN Investments to attempt to perfect its interest in the vehicles by naming itself as a lienholder on the vehicle titles.

166. GN Investments received no value or less than reasonably equivalent value in exchange for the GN Investments Vehicle Liens.

167. GN Investments was insolvent when the GN Investments Vehicle Liens were granted or became insolvent as a result of the GN Investments Vehicle Liens being granted.

168. In the alternative, GN Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with it was an unreasonably small capital or GN Investments intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, GN Investments respectfully requests that this Honorable Court avoid the GN Investments Vehicle Liens pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and

further relief that this Court deems just and proper considering the facts and circumstances of this case.

## COUNT TWENTY THREE
## AVOIDANCE OF GN INVESTMENTS VEHICLE LIENS UNDER
## 11 U.S.C. §548(a)(1)(B)

169. The Debtors incorporate the allegations in Paragraph 1 thru 168 as though fully set forth herein.

170. The GN Investments Vehicle Liens are transfers of interests of GN Investments in property that occurred within the two (2) years prior to the Petition Date. GN Investments granted a security interest in all of its assets to KeyBank on July 12, 2019 through the execution of the GN Investments Security Agreement which was perfected on July 22, 2019, both of which occurred within the two (2) years prior to the Petition Date.

171. GN Investments received no value or less than reasonably equivalent value in exchange for the GN Investments Vehicle Liens.

172. GN Investments was insolvent when the GN Investments Lien was granted or became insolvent as a result of the GN Investments Lien being granted.

173. In the alternative, GN Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with it was an unreasonably small capital or GN Investments intended to incur, or believe that it would incur, debts that would be beyond his ability to pay as such debts matured.

**WHEREFORE**, GN Investments respectfully requests that this Honorable Court avoid the GN Investments Vehicle Liens pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and

further relief that this Court deems just and proper considering the facts and circumstances of this case.

## COUNT TWENTY FOUR
## AVOIDANCE OF GN INVESTMENTS OBLIGATION UNDER 11 U.S.C. §548(a)(1)(B)

174. The Debtors incorporate the allegations in Paragraph 1 thru 173 as though fully set forth herein.

175. The GN Investments Obligation is an obligation that was incurred within the two (2) years prior to the Petition Date.

176. GN Investments received no value or less than reasonably equivalent value in exchange for the GN Investments Obligation.

177. GN Investments was insolvent when the GN Investments Obligation was incurred or became insolvent as a result of the GN Investments Obligation.

178. In the alternative, GN Investments was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with him was an unreasonably small capital or GN Investments intended to incur, or believe that he would incur, debts that would be beyond his ability to pay as such debts matured.

**WHEREFORE**, GN Investments respectfully requests that this Honorable Court avoid the GN Investments Obligation pursuant to 11 U.S.C. §548(a)(1)(B) and grant such other and further relief that this Court deems just and proper considering the facts and circumstances of this case.