UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INTERLOGIC OUTSOURCING, INC., *et al.*[1], | Case No. 19-31445-hcd |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER CONFIRMING STANDING AND AUTHORITY TO BRING CLAIMS AGAINST KEYBANK ON BEHALF OF THE DEBTORS' ESTATES**

This matter is before the Court on the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Confirming Standing and Authority to Bring Claims against KeyBank on Behalf of the Debtors' Estates* (the "Motion"). The Court, having considered the Motion, and for good cause shown, determines that the relief requested in the Motion should be granted; now therefore,

IT IS ORDERED that the Court hereby confirms that the *Final Order (I) Authorizing Post-Petition Secured Superpriority Financing Pursuant to Bankruptcy Code Sections 105(a), 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d), (II) Authorizing the Debtors' Use of Cash Collateral Pursuant to Bankruptcy Code Section 363(c), (III) Granting Adequate Protection Pursuant To Sections 361, 363 and 364 of the Bankruptcy Code, And (IV) Modifying the Automatic Stay* (the "Final DIP Order") [Dkt. No. 264] conferred standing upon the Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly-administered

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Interlogic Outsourcing, Inc. (1273); IOI Payroll Services, Inc. (1202); TimePlus Systems, LLC (9477); IOI West, Inc. (1405); Lakeview Technology, Inc. (1451); Lakeview Holdings, Inc. (7589); and ModEarn, Inc. (3473). The location of the Debtors' headquarters is: 1710 Leer Drive, Elkhart, Indiana 46514.

CO\6371308.2

chapter 11 cases of Interlogic Outsourcing, Inc., *et al.* (collectively, the "Debtors") to pursue any claims described in Paragraph 28 of the Final DIP Order, including challenges to the validity, enforceability, or priority of the purported claims or liens of KeyBank, N.A. ("KeyBank") under chapter 5 of the Bankruptcy Code or otherwise;

IT IS FURTHER ORDERED that the Committee is hereby granted exclusive derivative standing and authority to commence and prosecute any claims described in Paragraph 28 of the Final DIP Order, including challenges to the validity, enforceability, or priority of the purported claims or liens of KeyBank under chapter 5 of the Bankruptcy Code or otherwise;

IT IS FURTHER ORDERED THAT the Committee is granted authority to take all actions the Committee determines in its sole discretion to be necessary or appropriate in connection with the authority granted in this Order, with the full rights and privileges of the Debtors, including, but not limited to, the sole and exclusive right to enter into settlement negotiations and, subject to court approval, to settle any claims brought pursuant to this Order.

IT IS FURTHER ORDERED THAT, for the avoidance of doubt, nothing in this Order or the Motion shall in any way affect the Committee's right to seek to amend any complaint it files pursuant to this Order on any and all additional factual or legal grounds that would support a colorable claim or cause of action, and/or seek any other or additional relief, or pursue or seek standing to bring any other or additional causes of action or claims against any or all of the Debtors, KeyBank, or any other party.

IT IS FURTHER ORDERED THAT this Court shall retain jurisdiction with respect to all matters arising from and related to the implementation of this Order.

Dated: _____ ___, 2020        _____
                                                United States Bankruptcy Judge